IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05422-PAB

MAKSAT AMANKOS,

Petitioner,

v.

WARDEN DENVER CONTRACT DETENTION FACILITY,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Maksat Amankos' *pro so*[1] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] and Emergency Motion for Expedited Review and Immediate Release or Alternative Custody hearing [Docket No 3]. Respondents have filed a response. Docket No. 7.

## I. BACKGROUND[2]

Petitioner, a native and citizen of Kazakhstan, has been in immigration detention since April 19, 2026. Docket No. 1 at 5. On May 15, 2026, petitioner, then represented by counsel, filed a habeas petition before the Court, challenging the legality of his detention. [3] *Id.* at 5; *Amankos v. Baltasar, et al.*, No. 26-cv-02126-PAB

---

[1] The Court must construe the application and other papers filed by petitioner liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.
[2] The following facts are undisputed unless otherwise noted.
[3] The Tenth Circuit has "held that a court may, Sua sponte, take judicial notice of its own records and preceding records if called to the court's attention by the parties." *St. Louis*

(*Amankos I*), Docket No. 1. In *Amankos I*, petitioner stated that he entered the United States in May 2024 without inspection, was detained, and released into the interior of the country on an Order of Release on Recognizance ("OREC"). *Amankos I*, Docket No. 1 at 2, ¶ 2-3. After release, petitioner complied with his supervision reporting requirements. *Id.*, ¶ 4. On April 19, 2026, while in Wyoming, petitioner was "re-arrested by [Immigration and Customs Enforcement ("ICE")] without explanation or changed circumstances. *Id.*, ¶ 6. He also alleged that he was ""was not given any arrest documents, notices, or paperwork at the time of detention." *Id.*, ¶¶ 28-29.

Petitioner brought seven claims, including a claim that his detention was governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), and claims related to the legality of his re-detention. *Id.*, ¶¶ 34-57. On June 1, 2026, 27, the Court granted the habeas petition on the § 1226(a) claim and ordered respondents to provide petitioner with a bond hearing. *Amankos I*, Docket No. 8 at 4-5. Because the Court granted the habeas petition on the § 1226(a) claim, the Court did not analyze petitioner's remaining due process claims. *Id.* at 4, n.4. Petitioner was denied bond at his bond hearing. *Amankos I*, Docket No. 9.

On October 22, 2026, petitioner, proceeding pro se, filed a new habeas petition in this case. Docket No. 1. Petitioner states that he has been detained for approximately six months and that his ongoing detention violates his due process rights. *Id.* at 5.

---

*Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (citation omitted); *see also Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012) ("we may take judicial notice of public records, including district court filings.") (citation omitted). Petitioner has called his previous case to the Court's attention, and Respondent does not dispute this identification. Docket No. 1 at 3, 5; *see generally* Docket No. 7. Therefore, the Court takes judicial notice of the filings in *Amankos I*.

On November 5, 2026, respondents filed a response indicating that they "are not submitting a brief in opposition to the Petition," and noting that if the Court grants the petitioner, the "appropriate relief would be an Order directing that Respondent . . . release Petitioner from detention. Docket No. 7 at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Because petitioner was denied bond and has now been detained for over six months, the Court finds it appropriate to address petitioner's due process claim. In *Amankos I*, petitioner noted that he was released into the United States on an OREC under Form I-220A. *Amankos I*, Docket No. 1 at 4-5, ¶ 21. Respondents did not dispute that assertion in response to either habeas petition. *Amankos I*, Docket No. 7; Docket No. 7.

Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *see Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was previously released pursuant to an OREC. In releasing petitioner on an OREC, the respondents necessarily determined that petitioner was not a danger to the community or a flight risk. *See*

*Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondents do not state why petitioner's OREC was revoked. *See generally* Docket No. 7. Where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). "A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest." *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025). The Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge,* 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondents provide no argument to the contrary. *See generally* Docket No. 7. They also do not contend that petitioner is a flight risk or danger to the community or provide a reason for the revocation of petitioner's OREC. Thus, the Court will grant the habeas petition and order petitioner's immediate release with the same conditions of release that were imposed during petitioner's initial release. *See Perez-Cifuentes*, 2026 WL 1733489, at *3, *5 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination" and ordering that respondents may "not impose any additional

restrictions" on petitioner) (internal quotations and citation omitted); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger" and ordering that respondents "may not impose any conditions of release or supervision that were not imposed in the original grant of parole") (internal quotation and citation omitted); *Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are").

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Maksat Amankos's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody. It is further

**ORDERED** that petitioner's Emergency Motion for Expedited Review and Immediate Release or Alternative Custody Hearing [Docket No. 3] is **DENIED AS MOOT.**

DATED November 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge